(125 So. 638)

GAYLE v. GAYLE.  (6 Div. 436.)

Supreme Court of Alabama.  Jan. 16, 1930.

402

Fort, Beddow & Ray and G. Ernest Jones, all of Birmingham, for appellant.

Harwood & McQueen, of Tuscaloosa, for appellee.

BOULDIN, J. (after stating the case as above). The present appeal involves a contest between a father and a mother for the custody of their two little boys, one 4 years, 4 months, and 18 days of age, and the other 2 years, 7 months, and 29 days of age, at the time the decree appealed from was entered.

A decree granting the wife a divorce for cruelty, but awarding the custody of the children to the husband, is unusual and not ordinarily to be justified.

Other things being equal, this court by numerous precedents holds the mother of infants of tender years best fitted to bestow the motherly affection, care, companionship, and early training suited to their needs.

The good of the children being foremost, the natural claims of fatherhood and motherhood are not to be ignored. We have, therefore, declared that the greater blame for bringing about the conditions rendering it necessary to deprive the children of a home wherein both father and mother have a place and a duty may be considered. Courts may well have in mind the childhood of the land along with the children immediately involved. Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580.

Granting a divorce against the husband for cruelty indicates, prima facie, his greater fault in this regard.

Having in mind all these matters, we have given a very careful consideration to the evidence in all its phases.

The evidence was taken orally before the trial judge. He had the parties and the witnesses before him. This is a distinct advantage, a course to be commended in passing upon these delicate issues.

The personality of the parties, their bias, their reactions when confronted by opposing witnesses, the demeanor and convincing manner of parties and witnesses are great aids.

It is just such a case as calls for the application of a strong presumption in favor of the findings of the trial judge.

We avoid a detailed discussion of the evidence. It can serve no good purpose. Each case must turn upon its own facts.

Our conclusion is: Notwithstanding the court concluded the relations between the parties had become such that a severance of marital relations was necessary, the evidence touching the comparative blame for these conditions, touching comparative fitness for the custody of these children, and touching their highest interest under all the circumstances, leads us to believe and to hold that the decision of the trial judge, made after a very full and painstaking hearing, should not be disturbed.

Let the future doings of the parties, or changed conditions, be the test as to whether the decree should be modified—a matter open to the court as of course, and specially reserved in this decree.

The decree is reviewable by appeal. The alternative writ of mandamus is not necessary. Thomas v. State, 215 Ala. 1, 109 So. 607; Tillman v. Walters, 214 Ala. 71, 108 So. 62.

Affirmed; mandamus denied.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.