38 So.2d 864

**OGLE v. OGLE.**

**6 Div. 688.**

Supreme Court of Alabama.

Feb. 17, 1949.

Dempsy F. Pennington, of Birmingham, for appellant.

Nina Miglionico, of Birmingham, for appellee.

FOSTER, Justice.

This is an appeal from a decree on a petition to modify a provision in a divorce decree for the custody of the children, and for the maintenance of the former wife and children.

The divorce decree was rendered January 28, 1946. The provision for the custody of the children and for their maintenance was pursuant to a written agreement. The husband, appellant, has since the decree married the woman who apparently caused the rift between them. She was employed in the same office. His position was important, well paid, and he was apparently competent and of good re-

pute, and so was his wife and also the woman he later married. There is no serious misconduct charged to any of them.

The decree pursuant to agreement awarded the custody of the children to their mother, without provision for visitation with their father. One of the children, a girl, was born December 28, 1938, and a boy was born March 11, 1942. Since the separation their father has visited them without objection about as often as he wished, every two weeks or oftener for several hours on Saturday morning, and talks to them every day over the telephone. No objection was made to them going with him to his mother's home. But since his remarriage, their mother objects to his taking them to visit the second wife's home. That is what the father wishes modified in the decree as well as the amount of their maintenance charge.

Appellant has a responsible position with the Federal Government and earns about $300.00 a month after deducting income taxes, pension or retirement provisions. There has been little change in this respect since the divorce which provided for "maintenance of $125.00 a month." The second wife is also employed, and so is the first wife now. All getting very good salaries.

In so far as the right of visitation is concerned, we see no reason to disturb the decree refusing to modify. There has been no change in circumstances to justify it. The only material change is the remarriage of appellant, and that is not sufficient. Appellee seems to be very kind and reasonable in this respect, and maintains a proper place for the children. The children are young and impressionable. But the evidence shows that appellant and his present wife are of good repute.

The agreement and decree provided for payment of $125.00 a month for the support of the mother and two children until the boy should enter the public school, when the amount should be reduced to $100.00 a month. It does not appear that he has entered the public school. The girl is shown to have entered school. The decree of the court modified the allowance so as to make it $112.50 a month. That

means that it is to continue at that sum until the boy enters the public school, when it will be reduced to $100.00 a month. We assume that was for the reason that when both of them were in school, the mother would have more time to earn wages herself, as she is now doing.

We see no reason to disturb the decree in any respect.

Affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.