50 So.2d 269

## PINER v. PINER.
### 5 Div. 491.

Supreme Court of Alabama.
Feb. 1, 1951.

Robt. E. Varner, of Tuskegee, for appellant.

Harry D. Raymon, of Tuskegee, for appellee.

STAKELY, Justice.

Bessie Mae Piner (appellee) filed her bill for divorce against her husband M. C. Piner (appellant) on account of cruelty

attended with danger to life or health. She also sought the custody of the two minor children of the marriage, Ora Mae Piner three years of age and Vonica Ann Piner two years of age. The case was tried orally before the court and resulted in a decree which granted a divorce to Bessie Mae Piner and awarded to her the custody of the two children.

The appellant insists that the decree of the lower court should not stand because the testimony of the complainant as to cruelty is not supported by corroborating evidence. In a number of states the statute requires that the complainant's testimony be corroborated. Nelson on Divorce, Vol. 3, p. 69; 17 Am.Jur. 337. In some states a rule of practice formulated by the court so requires. In Alabama so far as we are aware there is no such statute. Nor is there such a rule of practice. So far as we can ascertain there is no authority in this state dealing with the subject except that in the case of Lyall v. Lyall, 250 Ala. 635, 35 So.2d 550, in discussing proof of a recriminatory charge, there is an indication that the quantum of evidence could be important.

It seems to us that every case should stand on its own peculiar facts because there is no general principle of law that precludes the granting of a divorce solely on the uncorroborated testimony of the complainant. Robbins v. Robbins, 100 Mass. 150; 97 Am.Dec. 91; 17 Am.Jur. p. 337. There could be cases where no corroborating evidence exists or where because of the circumstances in the case, it would not be reasonably possible to procure corroborating evidence. To deny a decree of divorce in situations like this would amount to frustration of justice when the evidence appears to be worthy of credence.

The authorities show that the main object of requiring corroborating evidence whether by statute or rule of practice is to prevent collusion. Brannen v. Brannen, 237 Iowa 188, 21 N.W.2d 459; 17 Am.Jur. 337; Nelson on Divorce, Vol. 3, p. 70. The way in which this case was tried in the lower court and is now presented on appeal satisfies us that there is no collusion between the parties in this case. We think that there is some corroborating evidence though perhaps slight in the present case and so the question in this case comes down to the weight and sufficiency of the evidence as in other cases. Guibord v. Guibord, 114 Vt. 278, 44 A.2d 158; Nelson on Divorce, Vol. 3, p. 71; 27 C.J.S. Divorce, § 136, pp. 732–733.

The trial court heard the witnesses testify in person before him and could observe their demeanor on the stand. He considered the evidence of cruelty sufficient to sustain the case for complainant. We see no reason to disturb the ruling.

With reference to the custody of the children we remark again that the parties were before the court in person. There is nothing to reflect upon the character of the mother or her ability to care for the children. A pertinent inquiry is which party was at fault in terminating the marital relation. Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580; Gayle v. Gayle, 220 Ala. 400, 125 So. 638. These considerations, taken with the tender age of the children, lead us to believe that the court correctly gave the custody of the children to the mother. Hammac v. Hammac, 246 Ala. 111, 19 So.2d 392.

Affirmed.

FOSTER, LAWSON and SIMPSON, JJ., concur.