63 So.2d 370

### WREN v. STUTTS.

#### 8 Div. 660.

Supreme Court of Alabama.

Feb. 26, 1953.

Bryce U. Graham, Tuscumbia, for appellant.

C. E. Carmichael, Jr., Tuscumbia, for appellee.

LAWSON, Justice.

This is an appeal from a decree wherein the trial court refused to modify a provision in a divorce decree as to the custody of a nine-year-old girl.

The wife, appellee, secured the divorce from appellant on April 12, 1948. Cruelty was the ground on which the divorce decree was based. The custody provisions of the decree were pursuant to a written agreement wherein the custody of the little girl was to be in appellee without any provision for visitation with appellant. In regard to the custody of the child, the divorce decree provided: "It is further ordered, adjudged and decreed by the court that complainant have the case, custody and control of the minor child, namely: Sherry Anne, free from interference on the part of respondent."

Appellant sought to have the custody provisions of the decree of April 12, 1948, modified so as to give him the custody of his daughter during the summer when she is not in school and that he be given the right and privilege of visitation at reasonable times while she is in the custody of her mother, appellee.

As shown above, the trial court refused to modify the decree and the father has appealed.

Since their divorce, the father and mother have married other persons. For a while after the divorce appellant was permitted to visit his daughter in the home of appellee and to take the little girl to visit her paternal grandparents in Tennessee.

Some time after appellant married his present wife he visited appellee's home to get the little girl to take her on a visit to relatives. An argument ensued between appellant and appellee. Each charges the other with the use of profanity during the argument. Appellee's present husband was called home from his business and, while he did not absolutely forbid appellant from returning to his home to visit the little girl, he did state that appellant's visits would have to stop if such arguments continued. Appellant was permitted to take his daughter with him on that occasion, but after returning the little girl to the home of her mother appellant has not visited his daughter.

In proceedings of this character after the decree of divorcement, the party seeking a change must allege and show some change of conditions or other substantial reason for modification of the previous decree. The former decree is conclusive of the interests of the child and the rights of the parents, so long as their status at the time of the decree remains without material change. White v. White, 247 Ala. 405, 24 So.2d 763; Padgett v. Padgett, 248 Ala. 234, 27 So.2d 205; Ogle v. Ogle, 251 Ala. 623, 38 So.2d 864.

The trial court saw and heard the witnesses and we can see no reason to change the decree refusing to modify. There has been no material change in circumstances to justify it. The only material change is the fact that both appellant and appellee have married other persons since their divorce and that is not sufficient. Ogle v. Ogle, supra. The facts of the case last cited are in practically all material respects identical with the facts of the instant case.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.