83 So.2d 215

**Marilyn Walters VINSON**

v.

**Thomas Emory VINSON.**

**7 Div. 256.**

Supreme Court of Alabama.

Aug. 18, 1955.

Rehearing Denied Nov. 17, 1955.

J. J. Cockrell, Birmingham, for appellant.

McKay & Worthy, Sylacauga, for appellee.

LAWSON, Justice.

The appeal is from a decree of the circuit court of Talladega County, in equity, rendered on July 22, 1954, changing the provisions of a decree rendered by that court on January 8, 1952, which relate to the custody of the minor children of Thomas E. Vinson and his former wife, Mrs. Marilyn Walters (Vinson) Shannon.

Under the decree of January 8, 1952, the wife was awarded an absolute divorce on the ground of adultery. As to the custody of the children, the decree provided:

"It Is Further Ordered, Adjudged and Decreed that the custody of the minor children named in the bill of complaint, to-wit, Thomas Lee Vinson, Samuel Glen Vinson, Ann Elizabeth Vinson, be, and the same is hereby, awarded to the complainant, Marilyn Walters Vinson, *so long as the respondent remains in military service, and until otherwise ordered by the Court.* Provided, however, the respondent, Thomas E. Vinson, shall have the right to visit the said children and to have them visit him at all reasonable times and places. Provided, however, neither party shall remove said children from the jurisdiction of this Court without the permission of this Court, and the Court expressly retains jurisdiction of the said minor children, the complainant, Marilyn Walters Vinson, and of the respondent, Thomas E. Vinson, for the purpose of making such further orders with respect to the custody of said minor children as the Court may from time to time deem proper." (Emphasis supplied.)

On July 13, 1954, Thomas E. Vinson filed in the circuit court of Talladega County, in equity, the following petition, wherein he refers to himself as the respondent and to his former wife as the complainant, the places they occupied in the original litigation which lead to the decree of January 8, 1952:

"Comes the Respondent, Thomas E. Vinson, and respectfully shows unto the Court the following state of facts as a basis for the relief hereinafter sought, to-wit:

"1. That heretofore on the 8th day of January, 1952, your Honor entered a Decree of Divorce in this cause and in said Decree directed that the custody of the minor children of the parties, viz., Thomas Lee, Samuel Glen and Ann Elizabeth Vinson be awarded to the Complainant but that your respondent should have the right of visiting the said children and to have them visit him at all reasonable times and places. In that Decree your Honor found that your respondent should be awarded custody of said children during the non-school summer months of each year after his discharge from military service upon a proper showing by him of his ability to properly care for said children in a proper manner and place.

"2. That on to-wit the 23rd day of December, 1953, your Respondent was discharged from military service; that he now resides in Birmingham, Alabama, and is employed by the Hayes Aircraft Corporation; that he is now able to care for said minor children in a fit and proper manner; that he is a fit and proper person to have the custody of said children; but since the decree of this Court was issued on January 8, 1952, there has been a substantial change in conditions relative to Respondent's ability to properly care for said children. That if Respondent is given the custody of said minor children that they will reside at home of Respondent's parents, Mr. and Mrs. Glen Vinson in Sylacauga, Alabama. That the home of the said Mr. and Mrs.

Vinson is equipped with all facilities needed in the care of said minors. That the said Mr. and Mrs. Vinson are of good character and are suitable persons to be entrusted with the care of said minors. That it is to the best interest of said minors that their custody be entrusted to the care of Respondent during the non-school summer months.

"3. That the decree of this Court providing the Respondent should have the right to visit his three minor children at reasonable and proper times and that he should also have the right to have said children to visit him at reasonable and proper times is open to varying interpretations by the parties hereto and that the ends of justice and the causes of the parties in this matter would be greatly served if this Court would definitely fix the time and hours and conditions when Respondent can visit his children and when they can visit him.

"Premises Considered, Respondent prays that your Honor will take jurisdiction of this motion and issue an order to Complainant requiring her to show cause before July 22, 1954, at 1:30 P.M. why the relief requested by Respondent should not be granted and that your Honor will on a hearing of this motion modify the decree of this Court rendered on January 8, 1954 [1952], to provide that Respondent shall have the custody of said children during the non-school summer months and definitely establishing times and conditions when Respondent may otherwise visit and have said children visit him. And if Respondent be mistaken in the relief prayed for then he prays for such other general relief as the Court may deem proper."

After her demurrer to the petition was overruled, Mrs. Shannon filed an answer wherein she averred in substance as follows: That the father is not a suitable and proper person to have custody of the minor children for the reason, among others, that since the divorce decree he has married and is living with the woman whose name was alleged in the bill for divorce as the one with whom he had committed adultery; that the mother, Mrs. Shannon, is a fit and suitable person to have the care, custody and control of the children and is able to provide for them. The answer concluded as follows: "Premises considered, the complainant prays that the decree of this court be not modified so as to give respondent any custody or control over said minor children but that they shall at all times and places be in the care, custody and control of your complainant, and your complainant will ever pray etc."

The husband evidently treating the language of the prayer as being sufficient to constitute a cross bill, filed his demurrer thereto, which was overruled.

Thereafter the cause came on for hearing wherein the witnesses were examined orally before the court. After finding that Mrs. Shannon had wrongfully deprived her former husband, Thomas E. Vinson, of the privilege of visitation with his children as granted to him in the decree of January 8, 1952, and finding further that it would be to the interest of the children to visit with their father, the trial court decreed in part as follows:

"It is Therefore, Ordered, Adjudged and Decreed by the Court that the respondent, Thomas E. Vinson, be, and he is hereby granted the privilege of having the minor children of the parties to this cause visit him in the home of his parents, Mr. and Mrs. Glen Vinson, 8 Broadway, Sylacauga, Alabama, at the following times:

\* \* \* \* \* \*

"(C) From 5 o'clock P.M. on the last Friday of each month hereafter until 5 o'clock P.M. of the following Sunday;

"(D) From 5 o'clock P.M. of each Friday preceding Father's Day until 5 o'clock P.M. of the following Sunday;

"(E) From 5 o'clock P.M. June 15 of 1955 and of each succeeding year, until 5 o'clock P.M. on the following July 31; until otherwise ordered by the Court in lieu of the right to have

said children visit him 'at reasonable times and places' awarded to the respondent by the decree of this Court on January 8, 1952; and that, except as herein provided the said Marilyn Walters Vinson Shannon, the complainant, shall have custody of the said minor children during the school months of each year and until otherwise ordered by the court; * * * and that the respondent, Thomas E. Vinson, shall have custody of the said minor children during the non-school months of each year as provided in said former decree, upon his making proper showing to the Court of his then ability to properly care for said children at a proper place; * * *"

We have said that a decree fixing the custody of minor children is conclusive of the interests of the children and the rights of the parents, so long as the status at the time of the decree remains without material change and that the burden is on the party seeking a change of custody to show some change of conditions or other substantial reason for the change of custody. White v. White, 247 Ala. 405, 24 So.2d 763; Wren v. Stutts, 258 Ala. 421, 63 So.2d 370; Padgett v. Padgett, 248 Ala. 234, 27 So.2d 205; Ogle v. Ogle, 251 Ala. 623, 38 So.2d 864.

But in the case at hand we think the only change in status which it was incumbent upon the father, Thomas E. Vinson, to allege in order to justify the court's consideration of his petition for change of custody was that he had been discharged from the military service. This, for the reason that the decree of January 8, 1952, not only in its recital of facts, but in its ordering parts as well, clearly discloses that the trial court was awaiting the discharge of the father from military service before fixing the permanent custody of the children. That decree was intended to be conclusive of the interests of the children and the rights of the parents only so long as the father remained in the military service.

In his petition Vinson alleged, among other things, that he has been discharged from the service; that he is able to care for his children in a fit and proper manner; that he is a fit and proper person to have their custody in the home of his parents, who are persons of good character, and that it is to the best interests of the children that their custody be awarded to his care during the non-school summer months. Such averments made the petition good as against the demurrer interposed. In proceedings of this nature mere legal niceties are not favored. Easterling v. Caton, 260 Ala. 543, 71 So.2d 835, and cases cited.

It is immaterial in this case whether the provisions in the decree here under review which spell out the exact dates on which the children shall visit their father in the home of his parents be considered as awarding partial custody or as an implementation of the provisions of the previous decree relating to visitation. The trial court was fully justified under the facts which it found to exist and in view of the temporary nature of the custody provisions of the decree of January 8, 1952, to award partial custody to the father after his return from the service without any other showing of changed conditions, for, as we have indicated above, the decree of January 8, 1952, did not purport to award permanent custody to the mother. The facts of the instant case are clearly distinguishable from those present in the case of Dawn v. Dawn, 90 U.S.App.D.C. 226, 194 F.2d 895, upon which appellant relies.

The parties to the appeal maintained their home in Sylacauga, Talladega County, prior to their divorce in January, 1952, although, as shown before, at the time that decree was rendered Vinson was in the service. After the divorce the then Mrs. Vinson and her three children moved to the home of her parents in Birmingham. She secured a job and her mother looked after the children during working hours for five days a week. In September, 1953, the appellant was married to Mr. Shannon, who was divorced by his first wife on the ground of cruelty. After her marriage to Shannon, appellant and the three children born of her marriage to Vinson moved into a home provided by Shannon located approximately five miles from the home of her mother in Birmingham. Appellant has

continued to work, as does her second husband. Five days a week the children are driven to the home of appellant's parents, where they are cared for by her mother. The oldest child was of school age, being nine years old at the time of the hearing in July, 1954. He attended a school located only a few blocks from the home of his maternal grandparents. Neither of the other two children had entered school. Sammy was six years of age and Elizabeth four.

Sometime prior to December 23, 1953, the date of his discharge, Vinson was married to his alleged paramour. Although he still maintains his legal residence in Sylacauga, Vinson secured employment in Birmingham, where he and his second wife maintain an apartment. They have a young baby. He frequently visits his parents in their home in Sylacauga and the evidence shows that it is feasible for him to spend much of his time there during the periods fixed in the decree for the children to be in the home of their paternal grandparents.

■■ Construing the decree here under review as providing for divided custody, it does not follow for that reason alone that it is erroneous. Since the children are entitled to the love, advice and training of both father and mother, divided custody is not wrong in principle, if the best interests of the children are thereby subserved. Sneed v. Sneed, 248 Ala. 88, 26 So.2d 561; McGregor v. McGregor, 257 Ala. 232, 58 So.2d 457; Wheeler v. Wheeler, 249 Ala. 119, 29 So.2d 881. The trial judge expressly found that it would be to the best interests of the Vinson children that they be permitted to be with their father in the home of his parents on the specified dates. This finding could well have been founded in part on the extreme hostility which the trial court found that the mother entertains towards her former husband and to some extent towards his parents. As before pointed out, the evidence was taken orally before the trial judge and thus he had the advantage of this court as to questions of fact, for he was able to observe the personalities of the parties, their bias, their demeanor, manner and reactions. It is this type of case which calls for the application of a strong presumption in favor of the findings of the trial judge.

■ One of the pertinent inquiries in cases involving controversies between parties over the custody of children is which party was at fault in terminating the marital relation. Piner v. Piner, 255 Ala. 104, 50 So.2d 269; Hammac v. Hammac, 246 Ala. 111, 19 So.2d 392.

In the case at bar the decree of January 8, 1952, is conclusive as between the parties of Vinson's marital misconduct. Johnson v. Johnson, 215 Ala. 487, 111 So. 207; Hanby v. Hanby, 229 Ala. 527, 158 So. 727. And we said in the cases just cited that a decree granting a divorce to the husband on the ground of the wife's adulterous acts is conclusive of her *relative* unfitness to have the custody of the children. See McGregor v. McGregor, supra. But we recently said in the case of Easterling v. Caton, supra:

"Argument is made that the petition shows on its face that the divorce was granted against the petitioner on the ground of adultery and that, for this reason, she is estopped from seeking custody. We are not willing to say that when a defaulting party in a divorce proceeding is, because of such default, denied custody of the parties' minor child, that such party thereby forfeits, for all time to come, any right to custody, even though, because of a change in conditions, the welfare and best interests of the child would be served by giving custody to such defaulting party. We know of no law or principle of equity so declaring. Of course, a party's default is a pertinent circumstance to be considered, but the fact of such default does not constitute a bar to custody at some later time if the welfare and best interests of the minor will be served by awarding custody to such defaulting party. * * *" 260 Ala. 546–547, 71 So.2d 838.

■■ Under the evidence presented in this case, we cannot say that the marital misconduct of Vinson which precipitated

the divorce should stand as a conclusive bar to all future contacts with his children. As we have often said, the matter of prime concern is the welfare of the children and after a careful reading of the record before us, in connection with the trial court's finding of fact, we are of the opinion that the decree here under review is based on what the trial court concluded, after hearing the evidence and viewing the parties and their witnesses, was for the best interest of the children. We have not overlooked the fact that Vinson has married the woman alleged to have caused the divorce from his first wife. But the children are not to be under her control in any way. As shown before, they are to be with their paternal grandparents in Sylacauga during the comparatively short period each year when they are in the legal custody of their father.

We have treated above the assignments of error which have been argued in brief and no reversible error appearing therein, the decree appealed from is due to be affirmed. It is so ordered.

Affirmed.

STAKELY, GOODWYN, MERRILL and MAYFIELD, JJ., concur.