113 So.2d 151

**Mabel Sue Snoddy LANSDELL**

v.

**William Benton SNODDY.**

8 Div. 955.

Supreme Court of Alabama.

May 21, 1959.

Rehearing Denied June 25, 1959.

Jesse A. Keller, Florence, for appellant.

Potts & Young, Florence, for appellee.

**STAKELY, Justice.**

William Benton Snoddy (appellee) filed his bill in the equity court in two aspects, first to set aside and have the court declare void a decree rendered on August 27, 1957, which dissolved the marriage between himself and Mabel Sue Snoddy, now Mabel Sue Snoddy Lansdell (appellant), and second, to award the custody of the minor child of the parties, a five year old girl, to himself, appellee.

The decree of August 27, 1957, awarded custody of the child to the mother (appellant) but it is alleged in the second aspect of the bill that there has been a material change of circumstances since the rendition of the decree of divorce.

The court sustained the demurrer to the aspect of the bill which seeks to set aside the divorce decree on the ground of fraud and that feature of the case is not before this court on this appeal.

Testimony was heard on the second aspect of the case with the result that the court rendered a decree which removed the custody of the child from the mother (appellant) and gave her custody to the father (appellee). This appeal is solely from the decree of the court awarding custody of the child to the appellee.

We have carefully considered the evidence in the case and do not find that there has been any material change in the circumstances since the decree of divorce was rendered, nor do we find any pertinent facts which existed at the time of the decree of divorce but which were not disclosed.

■ This court has consistently held that a former decree awarding custody of a minor child is conclusive of the interest of the child and the rights of the parents so long as the status at the time of the decree remains without material change unless pertinent facts existing but not disclosed at the time of the final decree are brought to light. Messick v. Messick, 261 Ala. 142, 73 So.2d 547; Sparks v. Sparks, 249 Ala. 352, 31 So.2d 313; White v. White, 247 Ala. 405, 24 So.2d 763.

■ The only change in the circumstances according to the evidence in the case is that the appellant has since remarried. Her present husband is Dee Lansdell. The proof shows that he is of kindly disposition, is good to the child and is amply able to provide a home not only for his present wife but also for the child. The mere fact that the wife has since remarried is not within itself such a material change in the circumstances as to cause a

modification of the original decree. Wren v. Stutts, 258 Ala. 421, 63 So.2d 370; Ogle v. Ogle, 251 Ala. 623, 38 So.2d 864.

We accordingly conclude that there has been no material change in circumstances since the rendition of the original decree of divorce sufficient to justify a modification of that decree.

 It is contended that in addition to the remarriage of the appellant to Dee Lansdell that prior to the divorce decree Mabel Sue Snoddy was going with her present husband without the knowledge and consent of the appellee but there is no proof of any misconduct in this regard. It is further contended that the appellant obtained the decree of divorce and the custody of the child by fraudulently stating to the appellee that it would require a divorce decree and remarriage to prove that he loved her and that she would remarry him within a short time. We do not consider that this presents a sufficient reason, just brought to light, for modifying the decree, especially since it appears that the former husband participated in obtaining the divorce and was himself not free from fault.

We have often said that in cases of this kind the welfare of the child is the paramount consideration. McBride v. McBride, 268 Ala. 619, 109 So.2d 718. Generally where a child is of such tender age as to require the care and attention that the mother is specially fitted to bestow, the mother rather than the father is the proper custodian, unless for some reason she is unfit for the trust. McBride v. McBride, supra. We have further said that in cases of this kind repeated, harassing litigation is looked upon with disfavor. Messick v. Messick, 261 Ala. 142, 73 So.2d 547; Greene v. Greene, 249 Ala. 155, 30 So.2d 444.

We conclude that the custody of the child should be restored to her mother and we accordingly reverse the decree of the lower court and award the custody of the child to her mother. There are provisions in the original decree of divorce providing for visitation of the child by the father and the father is given the right at reasonable times and places to such visitation. We see no reason why these provisions should not be reinstated in the present decree.

Reversed and rendered.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.