159 So.2d 448

**Hubert WOOD**

**Geneva Maddox WOOD.**

**8 Div. 145.**

Supreme Court of Alabama.

Dec. 20, 1963.

Baker & Schwenn, Huntsville, for appellee.

Ramsey O. Scott, Huntsville, for appellant.

GOODWYN, Justice.

On December 11, 1961, the circuit court of Madison County, in equity, rendered a decree granting a divorce to appellant, Hubert Wood, from his wife Geneva Maddox Wood, the appellee, on the ground of adultery. The decree awarded custody of the parties' daughter, Beverly Ann Wood, nine years of age, to the father subject to prescribed visitation rights of the mother.

On March 5, 1963, appellee filed a petition for modification of said decree. After hearing the evidence, the trial court rendered a decree of modification on April 9, 1963, whereby principal custody was given

to the mother with the father being given certain prescribed visitation rights.

The husband brings this appeal from the decree of modification.

Appellant takes the position that the divorce in his favor, grounded on appellee's adultery, conclusively adjudicated her relative unfitness to have custody of their minor child. On the question whether such conduct on the part of a parent should forever preclude that parent from seeking custody of his or her minor child, we had this to say in Vinson v. Vinson, 263 Ala. 635, 640, 83 So.2d 215:

"One of the pertinent inquiries in cases involving controversies between parties over the custody of children is which party was at fault in terminating the marital relation. Piner v. Piner, 255 Ala. 104, 50 So.2d 269; Hammac v. Hammac, 246 Ala. 111, 19 So.2d 392.

"In the case at bar the decree of January 8, 1952, is conclusive as between the parties of Vinson's marital misconduct. Johnson v. Johnson, 215 Ala. 487, 111 So. 207; Hanby v. Hanby, 229 Ala. 527, 158 So. 727. And we said in the cases just cited that a decree granting a divorce to the husband on the ground of the wife's adulterous acts is conclusive of her *relative* unfitness to have the custody of the children. See McGregor v. McGregor, supra [257 Ala. 232, 58 So.2d 457]. But we recently said in the case of Easterling v. Caton, supra [260 Ala. 543, 71 So.2d 835]:

" 'Argument is made that the petition shows on its face that the divorce was granted against the petitioner on the ground of adultery and that, for this reason, she is estopped from seeking custody. We are not willing to say that when a defaulting party in a divorce proceeding is, because of such default, denied custody of the parties' minor child, that such party thereby forfeits, for all time to come, any right to custody, even though, because of a change in conditions, the welfare and best interests of the child would be served by giving custody to such defaulting party. We know of no law or principle of equity so declaring. Of course, a party's default is a pertinent circumstance to be considered, but the fact of such default does not constitute a bar to custody at some later time if the welfare and best interests of the minor will be served by awarding custody to such defaulting party. * * *' 260 Ala. 546–547, 71 So.2d 838."

The real question presented is whether the mother has met the burden on her of establishing a material change in conditions or other substantial reason justifying a change in custody. Vinson v. Vinson, 263 Ala. 635, 639, 83 So.2d 215, supra; Wren v. Stutts, 258 Ala. 421, 422, 63 So.2d 370; White v. White, 247 Ala. 405, 406, 24 So.2d 763. We think there is sufficient evidence to support the decree of modification. While the evidence as to the husband's improper conduct, his lack of care given to the child, and the number of changes in residence made by him, is in sharp conflict, it was for the trial court to sift the conflicting evidence and determine which of the witnesses to believe.

As has often been said, the question of paramount concern in any custody proceeding is the welfare of the child. With this principle in mind, we cannot say, after considering the evidence, heard ore tenus, that the trial court erred in doing what it concluded was for the best interest of the child. Although the trial court gave consideration to the desire of the child to be with her mother, that is not the only basis in the evidence for the court's decision.

The decree appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.