184 So.2d 145

**Dixie E. CARTER**

**v.**

**Wendell B. HARBIN.**

**8 Div. 210.**

Supreme Court of Alabama.

March 10, 1966.

**238**

Beddow, Embry & Beddow, Birmingham, for appellant.

Lusk & Lusk, Guntersville, for appellee.

LAWSON, Justice.

This case involves the custody of two young children, a boy eight years of age and a girl five years old at the time the cause was tried below.

Dixie Harbin, now Dixie Carter, filed suit for divorce against her husband, Wendell Harbin, in the Circuit Court of Marshall County, in Equity.

On May 18, 1960, a decree was rendered wherein Dixie Harbin was granted an absolute divorce and the custody of the two minor children was awarded to her, the father, Wendell Harbin, being given visitation rights.

On January 2, 1963, Wendell Harbin filed his petition to modify the custody provisions of the decree of May 18, 1960, on the ground that subsequent to the rendition of that decree the mother, then Dixie Harbin, had become an unfit and "unproper" person to have the care, custody and control of the two minor children because of serious misconduct of a kind we prefer not to spell out in this opinion. On April 19, 1963, the court modified the custody provisions of the decree of May 18, 1960, so as to award to Wendell Harbin the care, custody and control of the minor children and provided in said decree of modification that the children be kept in the home of Wendell Harbin's parents.

Thereafter Dixie Harbin married Joe Carter and Wendell Harbin married a divorcee with one child, a girl, who is a little younger than the younger Harbin child, who is also a girl. After Wendell Harbin remarried, his two young children began to live with him and his wife.

On August 21, 1964, Dixie Carter filed her petition praying that the custody provisions of the decree of April 19, 1963, be modified because since the rendition of that decree there had been a change of circumstances, in that:

1. She is married to a man of good character who is providing a good home for her and who is ready, willing and able to provide a good wholesome home for the children.

2. Since the rendition of the decree of April 19, 1963, she "has led an exemplary life and has become completely disassociated from those matters and things which it was alleged made it to the best interest of the children to be in the custody" of their father, and she is a fit and proper person to have custody of the children and it would be to the best interest of the children to be in her custody.

3. Since the children have been in the custody of their father they have become emotionally upset and the children's step-mother shows favoritism to her child by a previous marriage to the detriment of the children of the parties to this litigation.

4. Since the decree of modification the father, Wendell Harbin, has interfered with

the mother's right of visitation and has taught the children of the parties that Dixie Carter is not "their natural mother."

The cause came on for hearing before a special judge, at which hearing a considerable amount of testimony was taken ore tenus. Some depositions were introduced. Following the hearing the trial court rendered a decree wherein the request or petition for modification filed by Dixie Carter was denied. The decree of April 19, 1963, was modified so as to give the care, custody and control of the minor children to Wendell Harbin, thereby eliminating the provision of the decree of April 19, 1963, to the effect that the children be kept in the home of his parents. From that decree Dixie Carter, the mother of the children, appealed to this court.

■ Where a court is confronted with the conflicting claims of parents or others for custody of infants, the fundamental controlling inquiry is the best interest of the child.

■ In a proceeding of this kind where the matter of custody has already been determined by a court of competent jurisdiction, with all interested parties before the court, a change of custody may be accomplished only by modification of the former decree.

■ The former decree fixing custody of a minor is conclusive of the interest of the child and of the rights of the parents, so long as the status at the time of the decree remains without material change or unless pertinent facts existing, but not disclosed, at the time of the previous decree are brought to light.

■ A prior decree of custody is attended by all reasonable presumption, and the burden of showing such changed conditions or other substantial reason for its modification rests upon the party seeking a change of custody.

The foregoing principles are firmly established by the decisions of this court. Anonymous v. Anonymous, 277 Ala. 634, 173 So.2d 797; Messick v. Messick, 261 Ala. 142, 73 So.2d 547.

There was some evidence introduced on behalf of Dixie Carter in support of the allegations in her petition for modification to the effect that since the children have been in their father's custody they have become emotionally upset; that the stepmother, Wendell Harbin's present wife, shows favoritism to her child by a previous marriage; that Wendell Harbin has interfered with Dixie Carter's right of visitation and has told the children that she was not their "natural mother." But the evidence was in sharp conflict in regard to all of those charges. The trial court apparently found against Dixie Carter on these issues of fact, for the decree here under review contains the following language: "In the present cause, however, the evidence touches on, but is not conclusive of any other element except the remarriage of the mother, and of her unimpeachable reputation and good name."

■ We have said that where evidence in a child custody case was heard orally before the trial court, as it was in this case, the trial court's findings as to the facts will not be disturbed on appeal unless plainly erroneous or palpably and manifestly wrong. Long v. O'Mary, 270 Ala. 99, 116 So.2d 563; Wilkes v. Wilkes, 270 Ala. 341, 118 So.2d 906. This rule applies although some of the evidence was not taken ore tenus. Donohoo v. Smith, 207 Ala. 296, 92 So. 455; Chestang v. Tensaw Land & Timber Co., 273 Ala. 8, 134 So.2d 159.

■ We cannot say that the findings of fact by the trial court in this case are either plainly erroneous or palpably and manifestly wrong. In fact, after a careful reading of the voluminous record, we would reach the same conclusion from the facts, aside from any presumption in favor of the trial court's findings.

We have said, however, that when we are convinced that the trial court has erred in the application of sound principles of law to the facts as found, we must so hold and reverse the decree. Anonymous v. Anonymous, 277 Ala. 634, 173 So.2d 797, and cases cited.

Appellant asserts that the trial court erred in the application of the law to the facts. This assertion is based on the inclusion in the decree of the following language: "Although the remarriage of one of the parties would be an element in showing changed conditions, in all of the cases reviewed by the Court, such a marriage has been coupled with some misconduct or unfitness of the party having custody."

This language is nothing more than the court's statement of the factual situation shown in the cases studied by the court in the preparation of the decree. It does not constitute a holding that the trial court would have determined that it would be to the best interest of the children to have their custody awarded to their mother except for the holdings in the cases studied by the court.

The trial court found that since the decree of April 19, 1963, Dixie Carter had reformed and that her character and reputation at the time of the hearing below was unimpeachable. But the trial court also found that Wendell Harbin and his present wife are people of good character. The record shows that the present homes of both parties are altogether adequate and both are financially able to care for the children.

We agree with the trial court's conclusion to the effect that the mere fact that the mother has reformed, is now married to a fine man who is able to care for her and her children, does not warrant a decree of modification. These children began their lives in the home of their parents. After the divorce they lived with their mother. Following the decree of April 19, 1963, they lived in the home of their paternal grandparents. After their father remarried, they have lived with him and his present wife. In view of the evidence going to show that the father and stepmother are in all respects equipped to minister to the needs of the children in an adequate home where they are loved and cared for, we cannot believe it would be to the best interest of the children that they be uprooted again and taken to Huntsville to the home of their mother and her present husband, although it is clear that the present husband, as well as the mother, love the children and perhaps could afford them more of the luxuries of life than their father.

Appellant places much reliance upon our case of Roebuck v. Hooie, 250 Ala. 363, 34 So.2d 460. It is not in point. At the time the decree denying modification of the former custody decree was rendered, the children there involved were not living with their father but in the home of his brother, and the father was an habitual user of alcoholic beverages. We have no such situation here.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.