266 So.2d 784

**Evelyn Marie COX**

v.

**Edward E. COX.**

**I Div. 69.**

Court of Civil Appeals of Alabama.

Aug. 9, 1972.

Rehearing Denied Sept. 13, 1972.

Reynolds & Lauten, Mobile, for appellant.

**576**

Kenneth Cooper, Bay Minette, for appellee.

HOLMES, Judge.

Appellant, Evelyn Marie Cox, filed suit for divorce from appellee in July of 1970. Appellant, in her bill of complaint, prayed for custody of the three minor children of the parties and custody of the child appellant was pregnant with at the time the bill of complaint was filed, support for herself and the minor children, and possession of the family home.

Appellee filed an answer and cross-bill which was later amended.

There were several intermediate orders by the court and amendments to the court's orders, but on February 15, 1971, after hearing the matter *ore tenus* a final order was entered. The court, in its February order, among other things, granted the permanent care, custody and control of the four minor children (appellant having given birth to the child) to appellant, with certain visitation rights granted to appellee. Appellee was ordered to pay to complainant $60 per week as support for appellant and the minor children, and appellant and the minor children were to remain in the family home until the youngest child became of legal age, at which time the home was to be sold and the proceeds divided equally.

In March of 1971, appellee filed a petition alleging that appellant was not complying with the court's February order regarding visitation. A hearing was held and the court entered what is described in the record as an interlocutory decree. This decree was entered in April of 1971 and awarded the temporary care, custody and control of the four minor children to appellee for a period of ninety days. This decree also reduced the support payment from $60 per week to $30 per week.

Thereafter, on August 31, 1971, the court *ex parte* entered an order directing the sheriff to accompany appellee to the family home where appellant was staying to obtain certain belongings of the children. Appellant refused to comply with this order and was placed under arrest by a deputy sheriff and incarcerated in the Baldwin County jail.

In October of 1971, appellee filed a petition to modify the final decree of February 1971. This petition was heard *ore tenus* and in December of 1971, the court decreed the following: that appellee be given the permanent care, custody and control of the minor children; that appellant, by quitclaim deed, convey her interest in the family home and in return receive one-half the value of the equity therein; that appellee pay to appellant $25 per month alimony; that appellee pay to appellant all support

payments in arrearage as of November 29, 1971.

It is from this order that appellant brings this appeal, making some fourteen assignments of error, all to the effect that the court erred in modifying its final decree of February 15, 1971.

■ Where a court is faced with conflicting claims of parents for custody of minor children the fundamental controlling inquiry is the best interest of the children. Carter v. Harbin, 279 Ala. 237, 184 So.2d 145; Perez v. Hester, 272 Ala. 564, 133 So.2d 199.

■ Once a permanent custody decree has been entered the party seeking a change of custody must allege and prove that conditions since the prior decree have materially changed or pertinent facts must be shown which existed but were not disclosed at the time of the previous decree. Parker v. Parker, 269 Ala. 299, 112 So.2d 467; White v. White, 247 Ala. 405, 24 So. 2d 763; Wren v. Stutts, 258 Ala. 421, 63 So.2d 370.

■ As the Supreme Court of Alabama has stated, a prior decree of custody is attended by all reasonable presumption and the burden of showing such changed condition or other substantial reason for its modification rests upon the party seeking a change of custody. Carter v. Harbin, supra; Anonymous v. Anonymous, 277 Ala. 634, 173 So.2d 797; Messick v. Messick, 261 Ala. 142, 73 So.2d 547.

■ The record of this case reveals no such changed circumstance. Appellee contends that appellant's apparent contemptuous behavior in refusing to turn over certain belongings of the children in August of 1971 evidenced unfitness; that other acts of appellant in allegedly making harassing phone calls to appellee's parents; not being interested in visiting with the minor children during the ninety-day period appellee had temporary custody indicated some changed circumstances or conduct

by appellant that would warrant a change of custody.

The testimony reveals that when appellant refused to allow appellee and a deputy sheriff to take the children's belongings, when the ninety-day custody period had expired, she was arrested. The temporary custody period was apparently extended by oral order of the court; however, appellant had no knowledge of such extension. Equity Rules 67 and 68, Tit. 7, Appendix of the 1940 Code of Alabama, require a decree to be in writing. Further, there was testimony that appellant attempted to get legal advice regarding this incident but her attorney was on vacation. Appellant, however, was informed by her attorney's secretary that she could withhold certain of the children's effects. While appellant's behavior regarding this incident is not to be commended, it may well be understandable.

The evidence further shows that when appellee brought the children to visit appellant during this ninety-day period she was at work and therefore did not see the children. There is testimony that appellant's necessity for employment was occasioned by appellee's failure to make adequate support payments.

The harassing phone calls are disputed, but in any event are hardly of the nature requiring a change in the care, custody and control of the minor children. This court has searched the record and materially changed circumstances cannot be found.

■ Courts are reluctant to deprive a mother of the custody of infant children and seldom do unless misconduct is imputed to her. Lansdell v. Snoddy, 269 Ala. 344, 113 So.2d 151; Bosarge v. Bosarge, 247 Ala. 667, 26 So.2d 73. In this case the youngest child is only slightly in excess of one year of age. No substantial misconduct can be imputed to appellant.

■ The testimony and, indeed, the court's final order reveals that in October of 1971, when appellee filed his petition of

modification, he was in arrears in his support payments. In Morgan v. Morgan, 275 Ala. 461, 464, 156 So.2d 147, 150, the Supreme Court of Alabama said:

"A party who comes into chancery asking equity must do equity to the party against whom he complains. Where he owes a debt involved in the proceedings, he must pay, or offer to pay, or show some sufficient excuse for his failure to pay, otherwise his contentions cannot be sustained. Yonge v. Shepperd, 44 Ala. 315."

This court cannot say that the record reveals appellee made any real offer to pay the support payment nor showed sufficient excuse, even though a partial excuse for a portion of the time involved may have been given, to wit, appellee's unemployment.

Appellant contends in her brief that certain remarks of the trial judge in questioning a witness showed prejudice against appellant. This contention of appellant is without merit. In Baggett v. Baggett, 47 Ala.App. 539, 258 So.2d 735, 737, this court stated:

"Though the court should not engage in adversary questioning of witnesses, we know of no rule preventing the court, particularly when sitting as the trier of fact, from seeking answers to material questions. . . ."

A trial judge has leeway in questioning a witness and we do not find prejudice derived from the questioning as revealed by the record.

The petition to modify of appellee is therefore dismissed; the trial court's order of December 16, 1971, is reversed; and the trial court's prior order of February 15, 1971, is in effect.

Reversed and rendered.

WRIGHT, P. J., concurs.

BRADLEY, J., not sitting.