WRIGHT, Presiding Judge.
This is a child custody case. The pertinent facts are as follows: Peter Frank Key and Annette Beatrice Young began living together sometime prior to 1976, but were never married. On September 8, 1976, Frank Demarcus Young, the child whose custody is at issue, was born. Key’s paternity of the child was acknowledged on May 5, 1977, when the Mobile County Juvenile Court rendered an order finding Key to be the father of the child and ordered him to pay $15 per week child support. Key complied with this order for about a year but then became delinquent in his payments. On February 1, 1980, Key shot and killed Annette Young and was subsequently convicted of manslaughter. From that point on, the child was cared for by the appellant, Annie Davis, the maternal great aunt of the child. Key visited the child occasionally after 1980 and in recent months has kept the child on weekend visits.
Mrs. Davis brought suit against Key for nonsupport on December 14, 1983, and Key countered with a petition for custody on January 3, 1984. After holding an oral hearing on the custody issue and conducting a home study by the Mobile County Circuit Court’s Investigation and Recovery Division, the trial court placed custody of the child in the father, to take effect at the end of the school year. Hence this appeal.
Appellant contends the change in custody is contrary to the welfare of the child and the trial court inappropriately applied the presumption favoring natural parents in a custody proceeding. Addressing this latter contention first, it is correct that there is a presumption that the best interest of a child lies with custody in a natural parent. Ely v. Casteel, 341 So.2d 730, 734 (Ala.Civ.App.1977). That presumption could have influenced the judgment of the court. However, it need not have been the controlling factor under the evidence. Quoting from the written order which does not conflict with any statement of the court during the hearing, the court said, “[I]t is the finding of the court that it is in the best interest of the child to be placed in the *825 custody of the child’s father_” As appellant notes, the presumption favoring natural parents is not absolute and is subject to the rule that the best interest and welfare of the child is controlling. Parker v. Department of Pensions and Security of the State of Alabama, 437 So.2d 551 (Ala.Civ.App.1983); Gaddy v. Alabama Department of Pensions and Security, 428 So.2d 91 (Ala.Civ.App.1983).
In light of this rule of law, we now turn to the dispositive issue of whether the trial court’s ruling was in the best interest of the child. This interest is the primary consideration in a custody case. McCartney v. McCartney, 45 Ala.App. 308, 229 So.2d 809 (1969); 11 B Ala.Dig. Infants, Key No. 19.2(2) (1981). Where a parent seeks to gain custody of his child, it is not enough that the parent show he has remarried, reformed his lifestyle and improved his financial condition. Carter v. Harbin, 279 Ala. 237, 184 So.2d 145 (1966). The parent seeking the custody must show that placement with him/her will materially promote the child’s welfare and best interests. McLendon v. McLendon, 455 So.2d 863 (Ala.1984). Willette v. Bannister, 351 So.2d 605 (Ala.Civ.App.1977).
The record reveals that Key has remarried, is a recovering alcoholic and‘has had a steady increase in income over the last few years. ■ Key has also initiated weekend visits with the child since the mother’s death. He appears to be financially stable and able to provide the child with his own room and a home with many modern conveniences. Key’s present wife has also shown a desire to have custody of the child. On the other hand, Mrs. Davis, with whom the child has been living until this case, is a sixty-nine-year-old widow with no source of income other than her husband’s social security, a small insurance annuity, and welfare payments for dependent children. Her three bedroom, one bath house is neatly kept but is in need of repair and is occupied by seven or eight people.
Upon appellate review, there is a presumption of correctness which accompanies the judgment of the trial court in every case where the evidence was heard ore tenus. Alford v. Alford, 368 So.2d 295 (Ala.Civ.App.1979). Where evidence in a child custody case was heard orally before the trial court, the trial court’s findings as to facts will not be disturbed on appeal unless plainly erroneous or palpably and manifestly wrong. Carter v. Harbin, supra.
Upon review of the record we find evidence that parental custody will materially promote the child’s welfare and best interests. We find no basis for reversal.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.