CRAWLEY, Judge,
concurring in the result.
Like Judge Pittman, I disagree with language in the main opinion indicating that the McLendon standard requires a showing that the current custodial arrangement has produced a “detrimental effect” on the children. Unlike Judge Pittman, however, I agree with the main opinion that the father failed to meet his burden under Ex parte McLendon, 455 So.2d 863 (Ala.1984). In McLendon, our supreme court stated:
“In view of the evidence going to show that the father and stepmother are in all respects equipped to minister to the needs of the children in an adequate home where they are loved and cared for, we cannot believe that it would be to the best interest of the children that they be uprooted again and taken to Huntsville to the home of their mother and her present husband, although it is clear that the present husband, as well as the mother, love the children and perhaps could afford them more of the luxuries of life than their father.”
Ex parte McLendon, 455 So.2d at 865 (quoting Carter v. Harbin, 279 Ala. 237, 240, 184 So.2d 145, 148 (1966)).
YATES, P.J., concurs.