## STANFIELD v. STANFIELD.

No. 8798—Opinion Filed Nov. 13, 1917.

(168 Pac. 912.)

(Syllabus.)

**1. Divorce—Alimony—Debt.**

Alimony decreed to a wife in a divorce is as much a debt, until the decree is recalled or modified, as any judgment for money is.

**2. Interest on Judgments—Statute.**

By the statute in force at the time this judgment and decree was rendered (section 4741, Mansf. Digest): "Judgments or de-

crees upon contract bearing more than six per cent. interest shall bear the same interest as may be specified in such contracts, and the rate of interest shall be expressed in all such judgments and decrees, and all other judgments and decrees shall bear interest at the rate of six per cent. per annum, until satisfaction is made."

### 3. Divorce—Interest—Payment of Alimony—Absence from Jurisdiction.

Record examined and held, that by the terms of the original judgment and decree of the trial court, which remains unmodified, the absence of the plaintiff in error from the jurisdiction of the court did not excuse the defendant in error from the payment of the installments of alimony falling due during such absence. Held, further, that the decree in favor of the plaintiff in error operated to cause an indebtedness to arise in her favor as each installment of alimony fell due and unpaid, upon which she was entitled to interest at the rate of 6 per cent. per annum.

Error from District Court, Craig County; Chas. G. Watts, Assigned Judge.

Application by Winifred T. Stanfield for an order requiring Wade S. Stanfield to show cause why he should not pay alimony past due, and for the determination of the amount due, with motion by defendant for the modification of the original decree. Motion of defendant denied, and amount due applicant on past installments fixed, and she brings error. Remanded with directions.

See, also, 22 Okla. 574, 98 Pac. 334.

C. Caldwell, for plaintiff in error.

KANE, J. The questions for review herein arise out of an attempt on the part of the plaintiff in error to enforce and collect a certain judgment and decree for alimony awarded to her by the United States court for the Northern judicial district of the Indian Territory, sitting at Vinita, on the 21st day of October, 1905. Certain phases of the cause have been before this court for review on a former appeal, wherein an opinion was rendered fully stating the facts from the commencement of the original action up to the time the order complained of herein was entered. Stanfield v. Stanfield, 22 Okla. 574, 98 Pac. 334. Shortly after the action of the trial court complained of in the former appeal was reversed and the cause remanded to the trial court, with instructions to set aside the modification of the original decree, and to reinstate the decree as originally entered by the trial court, the plaintiff in error herein filed a motion for an order requiring the defendant in error to show cause why he should not pay alimony past due in accordance with the original judgment and decree. On the same day an order to show cause was issued, whereupon the defendant in error herein filed his response, to which the plaintiff in error filed an answer. This motion, response, and answer remained undisposed of from term to term, several executions being issued in the meantime and returned "No property found." Finally on the 19th day of February, 1916, plaintiff in error herein filed in the district court a supplemental pleading to said motion, wherein she prayed the court to hear and determine the amount due her and award execution therefor. Subsequently the plaintiff in error filed an application for an order upon said defendant in error to show cause why he should not be adjudged in contempt of court, which application was granted. Whereupon the defendant in error filed an application to modify the original decree. Thereafter the cause came on for hearing upon the application of the plaintiff in error to show cause why he should not be adjudged in contempt of court for failure to pay past due alimony, the application of plaintiff in error to hear and determine the amount due her on the past due installments of alimony, and the motion of the defendant in error to modify the original decree, which were all heard together. Thereafter the court rendered its decision in said proceedings, denying the motion of the defendant in error to modify the original decree, refusing to adjudge defendant in error in contempt of court, and fixing the amount due plaintiff in error on past due installments. In making the computation the trial court refused to allow the plaintiff in error the installments of alimony and support money accruing during several years she was absent from the jurisdiction of the court in Mexico, shortly after the rendition of the original decree, and also refused to allow her the legal rate of interest upon the past due installments of alimony. These are the only questions for review now before this court.

The case is not briefed on behalf of the defendant in error, but there seems to be very little room to question the correctness of the contention of the plaintiff in error that on the former appeal this court held that the original decree made no specific requirement that the plaintiff in error or her children should remain within the jurisdiction of the trial court and therefore the payment of alimony was not suspended during her absence in Mexico, and that the question presented by the first assignment of error herein is practically the same ques-

tion passed upon and settled by the opinion of this court in Stanfield v. Stanfield, supra. In that case, as here, the defendant in error successfully contended in the trial court that the original decree ought to be modified and the plaintiff in error punished for contempt, because she took the two minor children of the parties to Mexico, out of the jurisdiction of the court, and kept them there for several years, and that the payment of alimony should be suspended during such absence. In that case, in reversing the judgment of the court below, Mr. Justice Dunn, who delivered the opinion for the court, says:

"In the first place, the decree which is modified made no specific requirement that the plaintiff should keep the children within the jurisdiction of the court, nor that she should remain there herself, so that by her absenting herself with the children she violated none of the specific terms thereof, and no citation of any kind had been served on her."

The court held that in these circumstances the trial court was not in the exercise of a reasonable discretion in punishing the plaintiff in error for contempt, by taking from her the custody of the children and placing them with the father. Discussing the right of the plaintiff in error to alimony in these circumstances, Mr. Justice Dunn continues:

"On the question of whether or not it was the duty or was within the power of the court to relieve the defendant of the payment of alimony decreed plaintiff, we will say that the same rule obtains as is noted above. In the absence of a showing of a change of the financial condition of the party charged, or the remarriage, or some other similar and controlling circumstances occurring in the life of the party benefited, the decree allowing alimony ought not be rescinded or annulled. After the divorce the parties go into the world as strangers to each other, and generally even the adultery of the wife, except possibly under special conditions not involved in this case, will not relieve the husband of the payment of alimony in accordance with the decree."

As the trial court in the present proceeding refused to modify the original judgment and decree for alimony, it seems quite clear to us that in order to determine the amount due the plaintiff in error nothing is required but a simple computation based upon the original decree giving the defendant in error credit for all installments paid by him. Certainly, in the absence of a specific requirement in the decree that the plaintiff in error should keep herself or the children within the jurisdiction of the court,

such absence ought not be held to suspend the payment of alimony in pursuance of the original judgment and decree of the court.

We think that the trial court also committed error in refusing to allow the plaintiff in error interest on the past due installments of alimony. Alimony decreed to a wife in a divorce is as much a debt, until the decree is recalled or modified, as any judgment for money is, and there is authority to the effect that the decree in favor of Mrs. Stanfield operated to cause an indebtedness to arise in her favor as each installment of alimony fell due. Sistare v. Sistare, 218 U. S. 1, 30 Sup. Ct. 682. 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068, 20 Ann. Cas. 1061.

By the statute in force at the time this judgment and decree was rendered (section 4741, Mansf. Digest) :

"Judgment or decrees upon contracts bearing more than six per cent. interest shall bear the same interest as may be specified in such contracts, and the rate of interest shall be expressed in all such judgments and decrees and all other judgments and decrees shall bear interest at the rate of six per cent. per annum, until satisfaction is made."

All judgments of courts legally bear interest at the same rate by the statute now in force (section 1008, Rev. Laws 1910). We have not undertaken to compute the exact amount due the plaintiff in error by virtue of the original decree, nor do we feel called upon to do so. As there is no fault found with the order of the trial court, except in the particulars herein pointed out, it will be presumed that with the exception of these two items its computation is correct, and will remain undisturbed.

The cause will therefore be remanded to the trial court, with directions to modify its judgment by allowing the plaintiff in error alimony for the time she was absent in Mexico, and by allowing interest upon all past due installments.

All the Justices concur.