24 So.2d 763

## WHITE v. WHITE.

### 7 Div. 849.

Supreme Court of Alabama.

Nov. 23, 1945.

Rehearing Denied Jan. 31, 1946.

Merrill, Merrill & Vardaman, of Anniston, for appellant.

Chas. Douglass, of Anniston, for appellee.

406

FOSTER, Justice.

The chief question on this appeal is whether the decree of the trial court awarding the custody of a boy twelve years old to his father, the appellee, after a decree had previously been rendered granting appellant, his mother, a divorce, and by consent awarding to her the custody of this boy and their two younger children. That decree was rendered July 11, 1944, the decree appealed from was rendered August 6, 1945. During that intervening time both parties remarried. Appellee, the husband, remarried November 25, 1944: appellant remarried March 31, 1945. The decree of divorce also by agreement provided that appellee shall pay appellant for the support of the children fifteen dollars a week. Having been in arrears for four weeks, she filed proceedings to collect same, and he filed petition to be relieved of it in the future, and that the custody of the children be awarded to him. The court granted the petition to relieve him of further contributions to the support of the children, and to have the custody of the oldest child, Perry White, twelve years old.

Appellant does not argue in brief the assignment of error going to relief granted against further payment of support money for the children. But strenuously seeks a reversal of the decree awarding the custody of the child to appellee, and taking it from her, different from the decree of July 11, 1944.

Appellant's husband whom she married in March 1945, M. L. Andrews, also had two children by a former marriage whom he supports at the home of his mother which he maintains. He is shown to have an income of about $4500 per year, and is willing to assume the burden of their maintenance and support. He has shown a good character and the home in which they live with appellant and the other children is in every way suitable for them. Appellee has no children to care for by his new marriage. He earns about $3000 a year, and his character is also good, and he and his wife have a suitable home and are willing and anxious to have the care and custody of the boy Perry, not now claiming the custody of the others; and they are also suitable to have his custody.

The only change of status bearing upon the custody of the children since the divorce decree is as above stated. Both families live in the same section of the city, and the children have easy access from one home to the other. There is no complaint as to the manner in which the children have been cared for by appellant and her new husband.

There was an effort made to show improper conduct by both parties occurring prior to the divorce. But such evidence could only be used as circumstantial to illustrate their conduct occurring after the divorce, since that decree must be taken at its face value, and family affairs which led up to it cannot be again inquired into, Chandler v. Whatley, 238 Ala. 206 [16], 189 So. 751; except they may perhaps illustrate subsequent events, not here material for that purpose.

The question proper for consideration here is whether the subsequent events serve to justify the decree changing that of July 11, 1944, which by consent awarded the custody to complainant. "The burden is on the party seeking a change of custody to show some change of conditions or other substantial reason therefor." Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580, 581. "The decree is conclusive of the interests of the child and the rights of the parents, so long as the status at the time of the decree remains without material change." Decker v. Decker, 176 Ala. 299, 58 So. 195.

Mr. Andrews has assumed the relations of a parent and therefore his standing and character are of great importance in weighing the changed conditions. Compare, Chandler v. Whatley, supra.

The effect of the decree is to divide the custody and residence of the children. There should be shown a change of conditions which justify it. The trial court treated the matter very much as if there had never been a decree awarding the custody of the children to appellant. But that decree is conclusive so long as changed conditions do not call for a change of their custody. But we see nothing in the changed conditions which reflect upon the surroundings of appellant as a suitable place for the custody of Perry White, her own boy of twelve years, easily accessible to his father, appellee, at all suitable times.

It is our feeling that due consideration was not given to the effect of the rule which requires such a change of conditions since the decree of divorce as will affect the question of the proper custody of the child. On that question there can be no particular advantage in having the witnesses before the presiding judge. His decree

shows that was not controlling upon him. We cannot agree with the reasons so stated. To the extent that the decree relieves appellee from the payment of future installments of money for the support of the children, it is affirmed. To the extent that it awards the custody of the boy, Perry White, to appellee it is reversed, and a decree here rendered denying relief to him in that respect. The costs of appeal are taxed against appellee.

Affirmed in part, and in part reversed and rendered.

GARDNER, C. J., and THOMAS and LAWSON, JJ., concur.

### On Rehearing.

FOSTER, Justice.

A decree awarding the custody of a child is at all times subject to alteration due to changed conditions, regardless of whether it so provides. Such a provision does not create a different status.

The matter of making temporary visits to the father by all three of the children is not by this decree intended to be dealt with. Such matters are always subject to the control of the trial judge to be disposed of as he may direct and as occasion arises. The children should be permitted freely to exchange visits with their father upon all reasonable occasions. We do not think it advisable for this Court to make specific provision to that end, further than to express this view, and to leave that matter open for the trial judge, as it always is.

The application for rehearing is overruled.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.