31 So.2d 313

## SPARKS v. SPARKS.

### 8 Div. 371.

Supreme Court of Alabama.

June 30, 1947.

Smith, Hughston & Tompkins, of Tuscumbia, for appellant.

A. H. Carmichael, Jr. and A. J. Shaw, both of Tuscumbia, for appellee.

LIVINGSTON, Justice.

On August 10, 1944, the Circuit Court, in Equity of Colbert County, in the case of Dorothy Sparks versus Edward Cecil Sparks, entered a decree forever dissolving the bonds of matrimony then existing be-

---

[1] Ante, p. 81.

tween the parties, for and on account of the cruelty of the husband. In said decree the care, custody and control of Edward Cecil Sparks, Jr., the then six years old son of the parties, was given to the father free from any interference on the part of the mother.

This proceeding was instituted on August 16, 1945, and its sole purpose was to change or modify the decree of August 10, 1944, and to give to the mother the care, custody and control of said minor, for and on account of the alleged changed conditions of the parties. On testimony heard ore tenus, the trial court granted the mother's petition, and awarded the care, custody and control of said minor to her, with the right of visitation on the part of the father at reasonable times and places agreeable to the parties. The father appealed.

No pertinent facts existing at the time of the final decree and not disclosed are found in the record. Greene v. Greene, ante, p. 155, 30 So.2d 444.

■■ This leaves the only question proper for consideration here, whether the changed conditions or subsequent events serve to justify the decree changing that of August 10, 1944, awarding the custody of the minor to the father. White v. White, 247 Ala. 405, 24 So.2d 763. The burden of showing such changed conditions or other substantial reasons is on the party seeking a change of custody. Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580; White v. White, supra; Greene v. Greene, supra.

■ The former decree is conclusive of the interest of the child and the rights of the parents, so long as the status at the time of the decree remains without material change, or unless pertinent facts existing at the time of the final decree are brought to light. Decker v. Decker, 176 Ala. 299, 58 So. 195; White v. White, supra; Padgett v. Padgett, 248 Ala. 234, 27 So.2d 205; Greene v. Greene, supra.

Since the decree of divorcement both parties have married again. There is nothing in the record which tends in the slightest degree, to reflect upon the good character of either new spouse. Shortly after the divorce decree the father moved to Detroit,

Michigan, and carried his son with him, which of course he had a right to do. He now lives in Detroit and works there. There is nothing to indicate that he cannot adequately support and maintain his son. In June 1945, the mother and the maternal grandmother of the minor went to Detroit; and persuaded the father to permit them to bring the minor to Colbert County, Alabama. We are fully persuaded that the father's consent to the move was predicated upon the unqualified promise of the mother and grandmother to return the boy to Detroit about the first of September in time for him to enter school. Instead of returning the son to the father, as promised, this suit was instituted to change his lawful custody. The present wife of the father devotes her entire time to the duties of a housewife, and says she is willing to help care for the minor. The mother of the minor is now working as is her present husband. During the school term the son now spends his time after school hours with his maternal grandmother. As we view the record, the foregoing are the salient facts brought out by the testimony. We have carefully considered all the testimony, especially that relative to the minor's health, and are fully persuaded that the father has not been negligent in that regard.

■■ In our opinion due consideration was not given to the effect of the rule which requires such a change of conditions since the decree of divorce as will affect the question of the proper custody of the child, and, as said in White v. White, supra: "On that question there can be no particular advantage in having the witnesses before the trial judge." See, also, Greene v. Greene, supra. The decree of the trial court shows that he was actuated, in large measure, by the wishes of the minor. And while we are not to be understood as saying that such wishes are not to be considered, it is our feeling that his decree is not based upon controlling factors —changed conditions. If any change has taken place in the father's circumstances, in our opinion such change is promotive of the better care of the child.

354.

The decree of the lower court is reversed and one here rendered dismissing the bill of complaint.

Reversed and rendered.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.