75 So.2d 614

Patricia Davis ALEXANDER

v.

Horace M. DAVIS.

3 Div. 688.

Supreme Court of Alabama.

Nov. 4, 1954.

Ball & Ball, Montgomery, for appellant.

Hill & Robison, Montgomery, for appellee.

CLAYTON, Justice.

This appeal is by Patricia Davis Alexander, formerly Patricia Davis, who for brevity will herein be called Patricia, from a decree of the Circuit Court of Montgomery County, Alabama, in equity, dated December 7, 1953, modifying a former divorce decree dated August 27, 1952, in her favor against Horace M. Davis, who for brevity will herein be called Horace.

The modification changed the former decree, awarding Patricia exclusive custody of a girl child of the parties about fifteen months old, by awarding Horace custody for part time and reducing the amount payable by him to Patricia for the support of the child.

The question is whether the court erred in modifying its previous decree.

Horace Davis and Patricia Schoen were married on February 15, 1950. One child, a daughter Priscilla, was born to them on May 5, 1951. On August 27, 1952, a divorce was granted to Patricia on grounds of cruelty. Incident to the divorce decree, and incorporated therein, was the following agreement between the parties:

"State of Alabama ⎱
Montgomery County ⎰

"Patricia Davis ⎫
#24492 vs.   ⎬
Horace M. Davis ⎭

"Whereas, there is now pending in the Circuit Court of Montgomery County, Alabama, in Equity, divorce proceedings wherein Patricia Davis is the complainant and Horace M. Davis is the respondent, and

"Whereas, the parties have reached an agreement with respect to the care, custody and control of Priscilla Davis, the minor daughter of Patricia Davis and Horace M. Davis; the amount to be paid by Horace M. Davis to Patricia Davis as a property settlement and also the amount to be paid for the maintenance and support of the said minor daughter of the undersigned; as well as to a division of the real and personal property belonging to the undersigned; and the payment of the costs of these proceedings; and

"Whereas, it is the wish and desire of the undersigned that in the event this Honorable Court sees fit to grant a decree of divorce in the cause now pending; then, this agreement be incorporated and made a part of the decree by reference.

"Now, Therefore, is is agreed by the parties as follows:

"1. That the undersigned, Patricia Davis, shall have the exclusive care, custody and control of Priscilla Davis with the right and privilege given and granted to Horace M. Davis to visit the said Priscilla Davis at any and all reasonable times. It is contemplated by the undersigned that Patricia Davis will move to the State of Georgia, in which event she shall have the right to take the said Priscilla Davis with her; however, the said Patricia Davis shall not remove the said minor child, Priscilla Davis, outside of the continental limits of the United States of America without the consent of Horace M. Davis. The right and privilege of the said Horace M. Davis to visit the said Priscilla Davis in the State of Georgia or any other State of the United States at all reasonable times is hereby expressly given and granted to him. Any difference which may arise between the parties relating to the time at which Horace M. Davis may visit said child shall be decided by her mother and her decision shall govern in such matter unless and until otherwise ordered by a court having jurisdiction. Any future question which may arise with respect to the matters provided for in this paragraph shall be submitted only to the court having jurisdiction in the place where Priscilla Davis is then living with her mother.

"2. Beginning on the first day of January, 1953, and on the first day of each and every succeeding month thereafter, Horace M. Davis shall pay to Patricia Davis by delivery to her at her then place of residence the sum of $150.-00 monthly for the maintenance and support of the said minor child, Priscilla Davis, and said monthly payments shall continue until said child is 18 years of age.

"3. There is now in force and effect an educational policy in favor of Priscilla Davis and in the amount of $10,-000.00 which matures on Priscilla Davis reaching the age of eighteen years. Horace M. Davis shall maintain and keep current the premiums on this said educational policy and as often as requested furnish Patricia Davis with evidence that the premiums are current.

"4. Horace M. Davis shall, at the time the deed referred to in paragraph 7 hereof is delivered, deliver to Patricia Davis or her attorneys a cashier's or certified check payable to Citizens & Southern Bank, Atlanta, Georgia, for an amount sufficient to pay the $5000.00 note, with the interest thereon, made by Patricia Davis and endorsed by Horace M. Davis and said check shall be promptly used to pay off said note.

"5. The ownership of the 1952 Pontiac automobile now in possession of Patricia Davis is hereby transferred, set over and assigned to the said Patricia Davis by the said Horace M. Davis free and clear of any liens or encumbrances against same and at the time the deed referred to in paragraph 7 herein is delivered, the said Horace M. Davis shall deliver to Patricia Davis evidence that all amounts presently due or to become due have been fully paid on said automobile under the contract with General Motors Acceptance Corporation whereby the said automobile was purchased.

"6. Horace M. Davis shall pay to Patricia Davis the sum of $1,000.00 by cash on the day and date a decree of divorce is entered in this cause.

"7. Patricia Davis for and in consideration of the premises and the agreements herein contained shall make, execute and deliver to Horace M. Davis a deed, subject to any and all existing mortgages, liens and encumbrances against said real estate, conveying to the said Horace M. Davis the interest of the said Patricia Davis in any and all the real estate presently owned by the said Patricia Davis jointly with the said Horace M. Davis.

and the said Horace M. Davis assumes the payment of any and all existing mortgages and other liens and agrees to hold Patricia Davis harmless against all loss, liability, cost and expense by reason of any claim being made against her in connection with said mortgages and other liens. Said deed shall be a statutory warranty deed executed and delivered by the said Patricia Davis and delivered to Horace M. Davis on the day and date a decree of divorce is rendered in this cause.

"8. The said Horace M. Davis shall pay all of the costs in these proceedings, including a fee of $250.00 to Ball & Ball, the solicitors for Patricia Davis at the time the divorce is granted.

"9. The said Patricia Davis shall have the right and privilege of removing any and all of the household furnishing from the home she is presently occupying on the Narrow Lane Road, Montgomery County, Alabama, except those listed on the schedule attached hereto which shall belong to him; and the said Horace M. Davis does hereby give, grant and release to the said Patricia Davis whatever interest he may have in and to said furnishings. It is further understood and agreed, however, that the said Patricia Davis shall remove or cause to be removed said furnishings from said premises on Narrow Land Road, Montgomery County, Alabama, on or before the 1st day of September, 1952, and any furnishings not removed on or before said date shall be and become the sole property of Horace M. Davis. Horace M. Davis will pay the sum of $150.00 on the expense of packing and moving the household goods of Patricia Davis to Atlanta, Georgia.

"10. It is further understood and agreed between the parties that, with the exception of the provisos relative to the support and maintenance of the minor child, Priscilla Davis, the terms and conditions of this agreement constitute a full and complete property settlement between the parties and the acceptance of same by Patricia Davis constitutes full and complete satisfaction of any and all claims that the said Patricia Davis may have in and to any and all of the property of the said Horace M. Davis; and full and complete satisfaction and payment of any claim Patricia Davis may have now or in the future as the wife of Horace M. Davis to alimony.

"In Witness Whereof, we have hereunto set our hands and seals on this the 25th day of August, 1952.
      "/s/ Patricia Davis      (Seal)
            "Patricia Davis
      "/s/ Horace M. Davis   (Seal)
            "Horace M. Davis

      *      *      *      *      *      *"

Horace visited his daughter in September. He asked to see her at a date in October but was advised by letter from an attorney in Atlanta that the date requested was not convenient, and another date was suggested by that letter. The attorney also asked that future arrangements for visits to the child be made through him. Horace again visited his daughter in December in Atlanta at the home of Mrs. Schoen, the maternal grandmother. His reception there was very cordial. In January, 1953, Mrs. Davis, the paternal grandmother of the child, suffered a "stroke" in Miami, Florida, at which time Horace requested that Patricia allow him to take Priscilla for two weeks to visit her sick grandmother in Miami. He was advised that Patricia did not consider it for the best interest of the child, and she was sorry that she would have to refuse his request. Later, on January 20th, he asked, through the attorney, that Patricia reconsider the matter of allowing Priscilla to visit him for two weeks. He was then advised that Patricia had remarried and moved to California, a later letter stating her mailing address there.

After having made only one monthly payment of $150 in accordance with the decree, Horace, on March 12, 1953, filed a petition in the Circuit Court of Montgomery County paying into court past due pay-

ments totaling $300 for the months of February and March, and averring ·that Patricia had moved to California, and praying that the court enter a decree requiring future payments to be made to the register of the court. The court, without notice to Patricia, made and entered an order requiring that future payments be paid to the register. On April 14th, Patricia filed her petition averring that there was no change in her financial condition, that she had no income and that she needed the past due payments for the maintenance and support of the child, and praying that the money then in the hands of the register and future payments made to the register, be sent promptly to her. Her petition was accompanied by affidavit of her financial condition showing her only assets to be an interest as beneficiary of a trust in Atlanta which brought her $300 in 1952, and could reasonably be expected to pay her not more than $500 in 1953. The affidavit further. stated that she acquired no community property by reason of her remarriage.

Horace then filed an answer and cross-petition, setting out the facts relative to the divorce, and the payment of money for the month of January to Patricia and from February through May to the register of the court, the provisions in the former decree providing for his visits to his daughter, and complained that Patricia did not correspond or deal with him directly but that she required him to make arrangements for visits through attorneys, and that some member of the family or the nurse was present with him and the child on the occasions of his visits. His cross-petition further complained of the refusal of Patricia to allow him to take the child to visit at his home. It further stated that he had moved into the home of his parents in Montgomery and averred that it was a suitable place in every way for his minor child to live in; that his mother, though still under the care of a physician, had improved to such an extent as to be able to drive an automobile. The cross-petition further averred that his income had been reduced. He prayed for modification of the former decree to give him half time custody of the child. and reduction from $150 to $100 in the amount of monthly payments to be paid to Patricia while the child was in her custody, and for payments to be eliminated for such times as the child should be in his custody.

■ This case follows the usual unhappy pattern and unfortunately there is no perfect solution to the problem involved. Presented for consideration are the questions of custody of the child and support of the child. In determining the question of custody, the "paramount consideration is the welfare and best interest of the child." Hammac v. Hammac, 246 Ala. 111, 113, 19 So.2d 392, 393; Hale v. Hale, 259 Ala. 666, 68 So.2d 63; Gardiner v. Willis, 258 Ala. 647, 64 So.2d 609; Greene v. Greene, 249 Ala. 155, 30 So.2d 444; Worthy v. Worthy, 246 Ala. 52, 18 So.2d 721.

"In determining which parent in a divorce suit is entitled to the custody of the minor children each case must stand on its own peculiar facts." Gardiner v. Willis, 258 Ala. 647, 650, 64 So.2d 609, 611, supra; Greene v. Greene, supra; Hale v. Hale, supra; Sneed v. Sneed, 248 Ala. 88, 26 So.2d 561.

The child, Priscilla Davis, is a girl, just two years of age at the time the cross-petition was filed. As was said in another case by this court, "We cannot be unmindful of the need of this little girl of tender years for the care and love that only a mother can give." Wheeler v. Wheeler, 249 Ala. 119, 121, 29 So.2d 881, 882; Sneed v. Sneed, supra; Hammac v. Hammac, supra. Also, "A pertinent inquiry is which party was at fault in terminating the marital relation." Piner v. Piner, 255 Ala. 104, 105, 50 So.2d 269, 270; Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580; Gayle v. Gayle, 220 Ala. 400, 125 So. 638.

·[2] No allegations or testimony questions the fitness of the mother or the home in which she now has the little girl.

"In proceedings of this character after the decree of divorcement; the party seeking a change must allege and show some change of conditions or

other substantial reason for modification of the previous decree. The former decree is conclusive of the interests of the child and the rights of the parents, so long as their status at the time of the decree remains without material change." Wren v. Stutts, 258 Ala. 421, 422, 63 So.2d 370, 371; Ex parte Sharp, 259 Ala. 652, 68 So.2d 545; Sparks v. Sparks, 249 Ala. 352, 31 So. 2d 313; Messick v. Messick, ante, p. 142, 73 So.2d 547.

■ In the case before us, no facts existing at the time of the former decree and not disclosed are claimed to have been present. The only change of conditions is the remarriage of the mother of the infant and her removal of her residence from Georgia to California. But such was anticipated and provided for by paragraph 1 of the agreement incorporated into the original decree of divorce by the following words:

"* * * It is contemplated by the undersigned that Patricia Davis will move to the State of Georgia, in which event she shall have the right to take the said Priscilla Davis with her; however, the said Patricia Davis shall not remove the said minor child, Priscilla Davis, outside of the continental limits of the United States of America without the consent of Horace M. Davis. The right and privilege of the said Horace M. Davis to visit the said Priscilla Davis in the State of Georgia or any other State of the United States at all reasonable times is hereby expressly given and granted to him. * * *"

The facts in the case of Sparks v. Sparks, supra, are closely analogous to the case at bar. In that case we held that mere removal to a distant state of the minor child involved where not prohibited by the original decree was not such a change of conditions as to justify modification. And, we have held that remarriage of the parties is not such material change of conditions as to justify modification of the original decree awarding custody. Wren v. Stutts, supra; Ogle v. Ogle, 251 Ala. 623, 38 So. 2d 864; White v. White, 247 Ala. 405, 24

So.2d 763; Sparks v. Sparks, supra. The agreement and decree in the present case went further and made provision to avoid the very situation now confronting the appellant; that is the necessity of defending litigation in a state other than that of her residence. This provision at the end of paragraph 1 of the aforesaid agreement is quoted:

"Any future question which may arise with respect to the matters provided for in this paragraph shall be submitted only to the court having jurisdiction in the place where Priscilla Davis is then living with her mother."

No argument is made that this provision ousts the jurisdiction of the Alabama courts, and we do not discuss the matter further. It is mentioned only for what light it may shed on the circumstances and conditions existing at the time of the original decree of divorce.

We are conscious of the fact that the decree in the instant case was rendered upon testimony taken ore tenus before the trial court, but the facts are without dispute and in this situation we have held in Greene v. Greene, 249 Ala. 155, 157, 158, 30 So.2d 444, 446, supra:

"We are not unmindful of the fact that this cause was tried before the court on oral testimony. But we feel impelled to the conclusion that the decree rendered overlooked the principles of law applicable to the facts, which were practically without any serious dispute. What was said in Fort v. Fort, 246 Ala. 83, 18 So.2d 870, 872, is equally applicable here, as disclosed by the following quotation: 'We are fully mindful of the due weight to be accorded the conclusions of the trial judge before whom the parties and witnesses appeared and testified. Yet it seems clear that he has erred, not so much in conclusions of facts, as in the application of the governing principles of law, and in such a case our responsibility is to adjudicate the cause in this light.' See also Chandler v. Whatley, 238 Ala. 206, 189 So. 751;

White v. White, supra; Payne v. Payne, supra [218 Ala. 330, 118 So. 575]."

The allegation in appellee's cross-petition that his income "has been reduced" was not supported by the testimony. At the time of the original divorce decree, and at the time of filing his cross-petition for modification, his salary was the same —$7,200 per year. Testimony in regard to a possibly smaller dividend on his stock in the Davis Motor Company was anticipatory and prospective. It had been $2,500 a year, and the testimony of appellee in regard to indications for the then current year was "it is more than likely it would be much less than I have received in the past few years."

We feel constrained to say here, as was said by Foster, J., speaking for this court in White v. White, 247 Ala. 405, 406, 24 So.2d 763, 764, supra:

"* * * The trial court treated the matter very much as if there never had been a decree awarding the custody of the children to appellant. But that decree is conclusive so long as changed conditions do not call for a change of their custody. * * *"

Or, as was stated by this court, in the case of Sparks v. Sparks, 249 Ala. 352, 353, 31 So.2d 313, 314, supra:

"In our opinion due consideration was not given to the effect of the rule which requires such a change of conditions since the decree of divorce as will affect the question of the proper custody of the child, and, as said in White v. White, supra: 'On that question there can be no particular advantage in having the witnesses before the trial judge.' See, also, Greene v. Greene, supra. * * * it is our feeling that his decree is not based upon controlling factors—changed conditions. * * *"

In our recent case of Messick v. Messick, supra [ante, p. 142, 73 So.2d 549], the court found occasion to say:

"While it has frequently been declared that the question of rightful custody of the child is never res judicata, it has been stated that a prior decree is not subject to be challenged upon the mere desire or changed attitude of one of the contesting parents; and that 'Courts disfavor oft-repeated, harassing litigation over the custody of infants.' Greene v. Greene, 249 Ala. 155, 30 So.2d 444, 446; Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580."

The decree of the circuit court giving rise to this appeal is reversed and the cause is remanded to the circuit court with directions that the original decree be reinstated.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and STAKELY, JJ., concur.