128 So.2d 92

**Henry King WHITTLE**

v.

**Lillian Tedder WHITTLE.**

6 Div. 532.

Supreme Court of Alabama.

Jan. 12, 1961.

Rehearing Denied March 30, 1961.

Locke & Locke, Birmingham, for appellant.

Hawkins & Lester, Birmingham, for appellee.

MERRILL, Justice.

Appellant sought a modification of a divorce decree, and after his petition was denied in circuit court, he appealed to this court.

Appellant and his wife were divorced in November, 1955, and an agreement between the two concerning a property settlement, attorneys' fees and alimony was made a part of the decree of divorce. The couple had no children.

By the terms of the agreement, appellant gave his wife eleven shares of AT & T stock, $3,000 cash, a promissory note for $5,525, payable in thirty-six equal monthly installments, and agreed to pay $150 per month alimony. He carried out all of the terms of the agreement except for the alimony.

In October, 1956, a petition to modify the alimony payments was filed by appellant, and it was denied in November, 1956, the court finding that appellant's salary had been increased and he was in arrears in the sum of $450 in alimony payments.

In September, 1957, appellee sought the issuance of the rule nisi because appellant was $2,250 in arrears in alimony payments. Thereupon, appellant filed a debtor's petition in the Bankruptcy Court. His only listed creditors were the attorney who filed that

petition and his ex-wife, the appellee. The Bankruptcy Court set up a schedule whereby he could make up his back payments over a period of years.

In October, 1959, appellant filed the present petition for modification. The hearing was held in December, 1959, and the only evidence, other than certain documents, was the testimony of appellant.

According to appellant, appellee now owns three pieces of residential property in Pensacola, Florida, furnishing a monthly rental income of $300; she has a monthly income of $20 from the AT & T stock, and $25 per month as interest from a loan she had made.

Appellant showed the court that he had been a victim of "gas" and "shell shock" in World War I; that he was fifty per cent disabled as the result of an automobile accident; that he had contracted cancer in 1958, had had an operation and needed another, and that he has less "take home" pay now than when he was divorced. Through the years, he has worked for Southern Bell Telephone and Telegraph Company.

Cross-examination of appellant revealed that the automobile accident was in 1944, and he had had the disability for eleven years when he agreed to the original divorce settlement. His salary at that time, November, 1955, was $575 per month. His monthly salary in November, 1956, was $595, in November, 1957, $625, in November, 1958, $665, and in November, 1959, $695. His salary increases would have taken care of $120 of the alimony each month.

It is true that his take home pay was less because during 1959, his employer, at his request, was withholding $100 per month and depositing it to his credit in a Credit Union, withholding $114.76 per month to buy AT & T stock, and $7.50 per month for savings bonds and group insurance.

The trial court noted the appellee had enjoyed increases in salary, found that the evidence in support of modification was not sufficient, and ordered that the petition be dismissed, and that appellee's attorneys be awarded $100.

■ A decree fixing alimony in accordance with the parties' agreement will not be modified except for clearly sufficient reasons showing changed conditions of the parties. Colton v. Colton, 252 Ala. 442, 41 So.2d 398, and cases there cited.

In Young v. Young, 262 Ala. 254, 78 So.2d 265, we held that evidence that husband's physical condition and state of health had substantially changed for the worse since the entry of the original decree of divorce did not justify reducing the amount of weekly alimony awarded to his wife, in the absence of showing a substantial change for the worse in his financial status.

■ The granting or denying of an application for modification of a decree of alimony or maintenance on the ground of a change in the financial circumstances or needs of a party rests in the sound discretion of the trial court, and an order denying modification will not be disturbed on review unless that discretion has been abused. Gambrell v. Gambrell, 268 Ala. 671, 110 So.2d 248; Jones v. Jones, 251 Ala. 179, 36 So.2d 310. We cannot say that the trial court abused that discretion in the instant case.

Appellant contends that the court erred in allowing $100 as fees for appellee's attorneys without proof of reasonable attorneys fees. Appellee had called an attorney, Mr. Jenkins, to testify, but before he took the stand the trial court said, "The fee will be $100, whatever Mr. Jenkins may say." The court continued:

"The rule of the Bar Association is that when a former husband brings a former wife back to Court without a meritorious proceeding, petition, that he must pay her Solicitor $100.00 minimum. Now, I honor the Bar Association, and I honor their scale of fees, and I am fixing one in this case accordingly."

Naturally, Mr. Jenkins did not testify.

Where the divorce decree provided for alimony and maintenance, as here, such provision continues to be within the power of the court to modify on account of changed conditions and, since the court retains such rights, there is incidental to it also the right to attorneys fees under proper circumstances. Keith v. Paden, 255 Ala. 294, 51 So.2d 9; Rickman v. Rickman, 266 Ala. 371, 96 So.2d 674. The circumstances were proper in the instant case, and appellant is in no position to complain when the trial court set the minimum fee.

Application has been made by appellee for an allowance of attorneys' fees on this appeal. We think it appropriate that an additional allowance of $100 be awarded appellee for payment to her counsel for services in representing her on this appeal. Gambrell v. Gambrell, 268 Ala. 671, 110 So.2d 248, and cases there cited.

The decree appealed from is affirmed with an allowance of an additional fee of $100 for appellee's counsel.

Affirmed.

LIVINGSTON, C. J., and LAWSON, and STAKELY, JJ., concur.