185 So.2d 121

**Jan LYONS**

v.

**Shelba Lou LYONS.**

**7 Div. 723.**

Supreme Court of Alabama.

March 31, 1966.

**330**

---

Roy D. McCord and J. A. Hornsby, Gadsden, for appellant.

Wayne Copeland, Gadsden, for appellee.

MERRILL, Justice.

This appeal is from a decree refusing to modify a former decree relating to custody and maintenance of the minor children of the parties. The original decree, as amended, granted the mother, appellee, custody of the two minors and ordered the payment of $40.00 per week for the support of the children. Approximately one year later, the petition was filed by the husband, appellant, seeking a modification of the decree.

In brief appellant states:

"It is our contention that the record makes clear beyond any doubt that the welfare and interests of these children would be best served if custody is removed from the Appellee and placed in the Appellant."

This statement and the assignments of error raising the insufficiency of the evidence present nothing for our review. Supreme Court Rule 9(b) requires that appellant's brief contain: "* * * a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely, referring to the pages of the transcript, and if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely; * * *." There is no recital in brief of any evidence of any witness. Where the appellant fails to comply with Supreme Court Rule 9(b), we consider assignments of error dealing with the sufficiency of the evidence, even if raised on rulings on affirmative charges or motions for a new trial as waived. Alabama Farm Bureau Mut. Cas. Ins. Co. v. Crestman, 277 Ala. 410, 171 So.2d 119; Service Fire Ins. Co. of New York v. Short, 273 Ala. 613, 143 So.2d 308; Woodward Iron Co. v. Stringfellow, 271 Ala. 596, 126 So.2d 96.

Appellant argues that the court erred in allowing an attorney's fee of $100 on the ground that such a fee is an incident to alimony and the original decree did not provide any periodic payments of alimony for his wife. We cannot agree.

In Keith v. Paden, 255 Ala. 294, 51 So.2d 9, we said:

"The provision in the decree of the court for an allowance to be paid by the husband for the support of the minor children is in a sense a feature of the alimony provision. The amount is not payable to the minor children but to their mother and is subject to the authority of the court as allowances made specifically for the maintenance of the divorced wife, and when the court retains jurisdiction to modify the allowance for the children, there should be and is reserved, in that respect, the right to award an attorney's fee when the same is appropriate or necessary in the opinion of the court for the proceeding to be had. * * *"

(We note that modifications in allowances for maintenance may be made whether or not the trial court specifically retains jurisdiction to modify. Whitt v. Whitt, 276 Ala. 685, 106 So.2d 413.) As already noted, the original decree provided for payments to the mother for the support of the children, whose custody had been awarded to her.

Appellant urges that the court erred in refusing "to issue an attachment for appellant's witness who had been served and who failed to appear in open court." The court said:

"THE COURT: You didn't ask me for an attachment for Mrs. Davenport, earlier. I didn't know about that when we started the trial. You mentioned Mrs. Hammond, and I got her here. And I told you I would take up with you this matter, after what you had—you had said about Mrs. Dean, and I think the record will support me in that there was no mention made whatever, no request whatever, at the beginning of the hearing."

The witness about whom the point is raised probably was Mrs. Davenport, because there was a doctor's certificate as to Mrs. Dean, and Mrs. Hammond was present.

Title 7, § 452, Code 1940, provides that the attendance of any witness who, after being subpoenaed, fails to attend, "may be compelled by attachment."

The right of attachment is not absolute and unqualified under all circumstances, but an application for continuance for execution of attachment is addressed to the sound discretion of the court, dependent upon the facts. Jarvis v. State, 220 Ala. 501, 126 So. 127, and cases there cited. Here, the court was not apprised that the witness had not responded to the subpoena until the closing moments of a hearing consuming two and one-half days. We cannot say that the court erred or abused its discretion in refusing the attachment for the witness.

Application has been made by appellee for an allowance of attorneys' fees on this appeal. We think it appropriate that an additional allowance of $50.00 be awarded appellee for payment to her counsel for services in representing her on this appeal. Whittle v. Whittle, 272 Ala. 32, 128 So.2d 92; Sims v. Sims, 253 Ala. 307, 45 So.2d 25.

Affirmed and allowance made for attorneys' fees.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.