This appeal is from the modification of a child custody decree. We reverse in part.
Ingeborg and Tommy Cheatham were married in 1968 with one daughter, Candace, produced from their union. They were divorced on October 25, 1973. Under the separation agreement incorporated into the decree Mrs. Cheatham obtained custody of Candace and Chris (Mrs. Cheatham's illegitimate son who had never been adopted by Mr. Cheatham); Mr. Cheatham was required to give notice to and obtain consent from Mrs. Cheatham to take the children away from Huntsville; and each agreed to keep the other advised of his resident address.
On January 5, 1976, Mr. Cheatham alleged Mrs. Cheatham was preparing to return to her native West Germany and obtained a temporary restraining order against her removing the children from Alabama. On January 13 the court modified its prior decrees to enjoin Mrs. Cheatham from removing the children to West Germany or any other country outside the continental United States except for temporary visits to her parents. Unlike the restraining order this decree did not enjoin her from leaving the state. Around January 18 Mrs. Cheatham moved to Rangely, Colorado. Rangely is the home of the father of Chris and other members of his family.
On February 3, 1976, Mr. Cheatham petitioned for modification. The case proceeded to trial before the judge ore tenus. During the trial Mr. Cheatham withdrew his request for custody of Chris. The court *Page 527 
entered judgment that Mrs. Cheatham retain custody of Candace with her monthly child support increased from $50 to $100; that Mr. Cheatham pay $500 in arrears in child support payments; that Mr. Cheatham had no right to visit or control nor was he obligated to support Chris; and that Mrs. Cheatham was enjoined from removing Candace more than 50 miles from Huntsville because she had not shown any necessity for her move to Colorado.
Mrs. Cheatham moved for new trial or alternatively to set the judgment aside. The court overruled her motion and required her to post $2,500 bond payable to Mr. Cheatham if she did not return to Alabama within five months unless the decree were reversed. Mrs. Cheatham appeals from that portion of the judgment dealing with the injunction and the overruling of her motion for new trial.
The primary question for review is whether there was a material change of circumstances sufficient to permit modification of the custody decree. Smith v. Smith,334 So.2d 915 (Ala.Civ.App. 1976).
Mr. Cheatham sought to prove Mrs. Cheatham was an unfit mother. The trial court did not find Mrs. Cheatham to be an unfit mother but rather continued to repose custody of both children in her as it had almost continually since the original divorce decree. We do not find any plain error committed by the court in this regard. There is no evidence in this regard which could constitute a material change of circumstances.
We perceive no material change of circumstances in the financial condition of the parties which would justify modification.
The only other facts which could possibly be considered a material change of circumstances concern Mrs. Cheatham's removal of the children to Colorado.
A parent entrusted with the custody of a child has the right, if not restricted by the court, to remove the child from the jurisdiction of the court granting custody. Headley v. Headley,277 Ala. 464, 172 So.2d 29 (1965); Alexander v. Davis, 261 Ala. 654, 75 So.2d 614 (1954); Sparks v. Sparks, 249 Ala. 352,31 So.2d 313 (1947); Wheeler v. Wheeler, 249 Ala. 119,29 So.2d 881 (1947); Sneed v. Sneed, 248 Ala. 88, 26 So.2d 561 (1946);Clark v. Clark, 46 Ala. App. 432, 243 So.2d 517 (1971).
Mr. Cheatham contends that the removal of his daughter to Colorado effectively denied him any visitation rights, that this was a substantial change of circumstances which would justify modification, and that it was not in the best interest of the child to move to Colorado.
We find the cases he cites distinguishable. Unlike Brock v.Brock, 281 Ala. 525, 205 So.2d 903 (1968), Mrs. Cheatham never made any agreed settlement which would restrict her to living within 50 miles of Huntsville. But like Rowe v. Rowe,45 Ala. App. 367, 231 So.2d 144 (1970), there has been no showing of any adverse effect on Candace in moving to Colorado.
In a proceeding to modify a child custody decree, each case rests on its own facts and circumstances with the welfare and best interest of the child always of paramount importance. We find the removal to Colorado did not constitute such changed circumstances as would justify modification.
We also find the court improperly placed the burden of proof on Mrs. Cheatham. In the modification order the court enjoined her because she did not show a necessity to remove the children to Colorado. The burden of proof is on the party seeking to show changed circumstances. Cox v. Cox, 48 Ala. App. 574,266 So.2d 784 (1972); Rowe v. Rowe, supra.
We find the restriction placed on Mrs. Cheatham's place of residence to be unreasonable. A less restrictive alternative was available. Mrs. Cheatham stated at trial and in brief that she would not object to Mr. Cheatham having custody of Candace for two or three months each year. Our reversal of the trial court is not related to any constitutional right of Mrs. Cheatham to travel unrestrictedly or to choose a *Page 528 
home for herself and her child. A decision on that issue is not necessary in this case.
We reverse the judgment of the trial court insofar as it enjoins against removing from the Huntsville area and remand to the trial court for opportunity to revise visitation rights for Mr. Cheatham if desired.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
BRADLEY and HOLMES, JJ., concur.