WRIGHT, Presiding Judge.
Ex-husband brings certiorari from an order holding him in contempt for failure to make child support payments and ordering him to pay arrearages of $18,715. We affirm.
The record reveals that the parties were divorced in 1972. The divorce decree required the husband to pay the wife child support of $300 per month.
The wife filed a petition for Rule Nisi in November 1979, alleging that the husband *1154 was in arrearage of child support in the amount of $21,250.
The husband answered and defended on the grounds that he had substantially complied with the divorce decree and that he had been denied reasonable rights of visitation. In addition, the husband filed a coun-terpetition for Rule Nisi alleging, among other things, that the wife secreted the minor child out of the state. In his coun-terpetition the husband sought custody of the minor child.
On motion by the husband, the trial court consolidated the two actions for trial. During the hearing the court determined that the husband’s petition was in fact one for modification of the original order of custody. The judge announced he would not permit testimony at that time for change of custody. The effect was to continue the modification hearing to another time.
I
The husband contends that the trial court erred in separating the issues for trial without giving prior notice.
At the outset, we note that the proper remedy for review of a judgment for contempt is by certiorari if the party is not in jail. Wilson v. Freeman, 376 So.2d 1096 (Ala.Civ.App.1979), cert. denied, 376 So.2d 1099 (Ala.1979). This ease came to this court by certiorari. Review by certiorari is limited to questions of law. The weight and sufficiency of the evidence is not reviewable. We will affirm the trial court’s judgment if there is any evidence to support it. Wilson, supra.
In this instance, the error of which the husband first complains is not before this court on certiorari and we will not consider it. See, Rohrer v. Rohrer, 373 So.2d 331 (Ala.Civ.App.1979).
In any event, as we read the act of the court there was merely a continuance of the hearing upon the petition for custody. Whether that was error is not ripe for appeal.
II
The husband next contends that the trial court erred in admitting into evidence unverified copies of court records, which purported to be a record of money the wife received from the husband through a reciprocal non-support action.
The documents were subpoenaed from the district attorney. The wife stated they represented sums she had received and credited to alimony due from defendant. The records benefited defendant in that respect. We find no injury in their admission. Slay v. McKean Paint & Hardware Store, Inc., 55 Ala.App. 487, 317 So.2d 326 (1975); Rule 45, ARAP.
III
The husband next contends the trial court erred in refusing to allow into evidence testimony concerning the wife’s relationship with one McCurdy. He contends this evidence would have supported his defense that the wife secreted herself and the minor child by moving out of state with McCurdy, thus making it impossible for him to comply with the divorce decree.
There was no provision in the divorce decree prohibiting the wife from taking the child out of state. There was substantial evidence that the child was not secreted, but visited with defendant during the period in question. Thus, the husband was fully liable for arrearages regardless of where the child resided. Clark v. Clark, 46 Ala.App. 432, 243 So.2d 517 (1970).
From the evidence presented, the court was fully warranted in finding defendant in contempt for failing to comply with the prior judgment for payment of child support. The evidence supports a finding that he was employed at a substantial salary as an attorney for a U.’ S. Government agency with annual salary increases, and willfully refused to comply.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.