ROBERTSON, Judge.
This case involves a petition for writ of mandamus.
Petitioner filed a motion for order of attachment in the circuit court in response to the failure to appear at a scheduled hearing of two subpoenaed witnesses. The trial court denied petitioner’s motion of attachment on the authority of Clark v. State ex rel. Williams, 527 So.2d 1306 (Ala.Civ.App.1988). Petitioner now seeks a writ of mandamus from this court ordering the trial court to compel the witnesses by attachment. Clark, the case relied on by the trial judge, provides in pertinent part:
“Attachments of absent subpoenaed witnesses are still authorized in criminal cases by § 12-21-182 of the Alabama Code, but, as to civil cases, that code section is superseded by Rule 45(f), Alabama Rules of Civil Procedure, which adopted the federal rule that authorizes contempt proceedings for the failure of a person to obey a subpoena served upon him.”
Although the above quoted language indicated that Rule 45(f) superseded § 12-21-182, Code 1975, Rule 45(f) does not specifically abolish the right of attachment of absent subpoenaed civil witnesses. Instead, we find that it provides an additional discretionary alternative, and we overrule Clark, supra, to the extent that it conflicts with this opinion.
“Failure by any person without adequate excuse to obey a subpoena served upon him may be deemed a contempt of the court from which the subpoena issued.” (emphasis added)
A.R.Civ.P., Rule 45(f).
Our conclusion is further supported by the fact that the predecessor section to *392 § 12-21-182, which is Title 7, § 452, Code 1940 (recompiled 1958), is not among those sections enumerated by the supreme court as being superseded by Rule 45, A.R.Civ.P. See, A.R.Civ.P., Appendix II, Statutes and Rules Superseded (West 1989).
Finally, we note that in the case of In re Tarpley, 293 Ala. 137, 300 So.2d 409 (1974), the supreme court determined that the existence of the statutory remedy for dealing with a defaulting witness did not preclude the trial court from imposing contempt penalties. We likewise find that the existence of the contempt alternative as provided by Rule 45(f), A.R.Civ.P., does not abolish the remedy of attachment found in § 12-21-182(a), Code 1975.
We now consider whether to grant the writ or to deny it. The extraordinary writ of mandamus should not be issued absent a finding that petitioner’s right to relief is clear and, further, that no other adequate remedy exists. Ex parte Rogers, 533 So.2d 245 (Ala.1988). For mandamus to lie, the right that petitioner seeks to have enforced must involve a peremptory duty and not an act of judicial discretion. Rogers.
In short, mandamus will not issue to compel the trial court to exercise its discretion in a particular manner; however, it will issue to compel the circuit court to exercise its discretion. Ex parte Adams, 514 So.2d 845 (Ala.1987).
The right of the trial court to compel a witness by attachment is not an absolute and unqualified right, but rather is a matter within the trial court’s discretion. Lyons v. Lyons, 279 Ala. 329, 185 So.2d 121 (1966).
Consequently, because the trial court’s order denying the motion for attachment reflected its opinion that the remedy of attachment was unavailable, the writ is granted for the limited purpose of compelling the trial court to exercise its discretion concerning the propriety of the attachment of the witnesses.
WRIT GRANTED.
INGRAM, P.J., and RUSSELL, J., concur.